UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERNEST SUSSMAN, et al.,<br><br>    Plaintiff(s),<br><br>v.<br><br>CRESTBROOK INSURANCE COMPANY,<br><br>    Defendant(s). | Case No. 2:24-cv-01228-CDS-NJK<br><br>**Order**<br><br>[Docket No. 16]<br><br>**Order to Show Cause** |

Pending before the Court is a stipulation to extend case management deadlines by six months. Docket No. 16. The stipulation identifies no discovery conducted to date. *Cf.* Local Rule 26-3(a). That shortcoming is particularly problematic given the prior admonition that "the parties must take all reasonable steps to meet the deadlines set [in the scheduling order] and any extension request will be closely scrutinized under the governing standards." Docket No. 14 at 1. Based on the information provided in the stipulation, the Court cannot find that good cause exists. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (explaining that good cause to modify the scheduling order exists when the pretrial schedule "cannot reasonably be met despite the diligence of the party seeking the extension" and that "the inquiry should end" when diligence is lacking). Accordingly, the stipulation to extend is **DENIED** without prejudice.

The stipulation is even more problematic for a different reason: it appears there may be no live case or controversy, as is required by Article III. *See, e.g.*, *Bova v. City of Medford*, 564 F.3d 1093, 1095-96 (9th Cir. 2009) (addressing related concepts of standing and ripeness).[1] This is an insurance dispute. The parties agree that Defendant has already paid insurance benefits in excess of $1,700,000 and that Defendant continues to adjust the claim as more reconstruction work is

---

[1] Case and controversy concerns may be raised by the Court *sua sponte*. *E.g.*, *National Park Hospitality Ass'n v. Dept. of Interior*, 538 U.S. 803, 808 (2003).

done. *See* Docket No. 16 at 2.[2] In light of those adjustment efforts, the stipulation indicates that the parties may "conclude Plaintiffs' insurance claim without need for any Court intervention." *Id.* at 3. The Court certainly encourages resolution of claims without the need for judicial involvement. At the same time, a case cannot be initiated and then left to sit idle in federal court when there is no live dispute to be adjudicated. *See, e.g.*, *Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all"). Accordingly, by January 28, 2025, the parties must either file a stipulation of dismissal or show cause in writing why the case should not be dismissed.

IT IS SO ORDERED.

Dated: January 10, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The stipulation indicates that the case was filed to avoid statutory and policy timing limitations. Docket No. 16 at 2. The stipulation fails to explain why those timing concerns cannot be resolved with a <u>tolling agreement</u> between the parties, as opposed to filing a lawsuit that the parties do not intend to litigate. The stipulation similarly fails to explain why a tolling agreement cannot be entered now, with the case being dismissed without prejudice to later refiling in the event a live dispute arises.